UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:22-CR-2-REW-EBA |
| v. | ) | |
| | ) | ORDER |
| MEGAN S. STACY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 48 (Rearraignment Minute Entry), Magistrate Judge Atkins recommended that the undersigned accept Defendant Megan S. Stacy's guilty plea and adjudge Stacy guilty of Count 1 of the Indictment. *See* DE 51 (Recommended Disposition); *see also* DE 50 (Plea Agreement). Judge Atkins expressly informed Defendant of her right to object to the Recommended Disposition to secure *de novo* review. *See* DE 51 at 2–3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 51, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count 1 of the Indictment (DE 1);

2. The Court **CANCELS** the jury trial in this matter, as to all Defendants; and

3. The Court will issue a separate sentencing order.[1]

This the 17th day of June, 2022.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] Upon concluding the hearing, Judge Atkins remanded Defendant to the United States Marshal. *See* DE 48. This was Defendant's status pre-plea. *See* DE 21. The Court, thus, sees no need to further address detention at this time; Defendant will remain detained pending sentencing.